# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATE OF AMERICA,<br><br>v.<br><br>GREGORY C MORSE. | §<br>§<br>§ Civil Action No. 4:16-CV-396<br>§ (Judge Mazzant/Judge Nowak)<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 29, 2016, the report of the Magistrate Judge (Dkt. #10) was entered containing proposed findings of fact and recommendations that Plaintiff Federal National Mortgage Association's ("Plaintiff") Motion to Remand (Dkt. #7) be granted. Having received the report of the Magistrate Judge (Dkt. #10), having considered Defendant Gregory C. Morse's ("Defendant") timely filed objections (Dkt. #12), Defendant's Motion for Leave to File an Amended Notice of Removal (Dkt. #11), Defendant's Motion for Leave to Exceed Page Limitation in Objection to Magistrate Judge's Report and Recommendation (Dkt. #13), Plaintiff's Objection to Defendant's Motion for Leave to File an Amended Notice of Removal (Dkt. #15), Defendant's Reply to Plaintiff's Objection to Defendant's Motion for Leave to File an Amended Notice of Removal (Dkt. #16), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the

Court hereby adopts the Magistrate Judge's report (Dkt. #10) as the findings and conclusions of the Court.

## BACKGROUND

This suit concerns the foreclosure of a property in which Defendant Gregory C. Morse resides, located at 223 High Point Dr., Murphy, Texas 75094 (the "Property"). On May 3, 2016, the Property was sold in a non-judicial foreclosure sale. Following foreclosure, Plaintiff submitted a written demand to Defendant, requesting that he vacate the Property. Defendant did not vacate the Property. On June 10, 2016, Defendant filed a Sworn Complaint for Forcible Detainer in the Justice Court of Precinct 3 of Collin County, Texas. No other claims are asserted.

On June 15, 2016, Defendant filed a Notice of Removal alleging jurisdiction based on diversity. Defendant now also asserts the existence of federal question jurisdiction on the basis that this action involves "several Federal questions to be answered due to violations of Titles 11, 15, and 18 of the United States Code." Defendant argues remand is warranted because Plaintiff has failed to show the requisite amount in controversy, and in any event, forcible detainer actions are governed by the Texas Property Code and are questions of state rather than federal law.

The Magistrate Judge, after a full hearing and review of all relevant pleadings, entered a report and recommendation on September 29, 2016, recommending Plaintiff's Motion to Remand be granted (Dkt. #10). Specifically, the Magistrate Judge made the following conclusions: (1) Defendant's Notice of Removal did not establish the requisite amount in controversy; and (2) Defendant's purported counterclaims could not be considered in determining the existence of removal jurisdiction. Subsequent to the report and recommendation, on October 11, 2016, Defendant filed objections (Dkt. #12), as well as a

Motion for Leave to Exceed Page Limitation in Objection to Magistrate Judge's Report and Recommendation (Dkt. #13), and a Motion for Leave to File an Amended Notice of Removal (Dkt. #11). On October 24, 2016, Plaintiff filed its Objection to Defendant's Motion for Leave to File an Amended Notice of Removal (Dkt. #15). On October 28, 2016, Defendant filed his Reply to Plaintiff's Objection to Defendant's Motion for Leave to File an Amended Notice of Removal (Dkt. #16).

## MOTIONS FOR LEAVE

Before turning to Plaintiff's objections, the Court first addresses Defendant's Motion for Leave to File an Amended Notice of Removal (Dkt. #11) and Motion for Leave to Exceed Page Limitation in Objection to Magistrate Judge's Report and Recommendation (Dkt. #13) (collectively, the "Motions for Leave").

Here, Defendant seeks leave to file an amended notice of removal; however, Defendant has not provided the Court with the proposed amendment to his notice of removal.[1] Moreover, even if the Court were to ignore this failure, the Motion itself merely contains the conclusory statement "I am ready to proceed in amending my defective 'Notice of Removal' asserting the federal questions which invoke the jurisdiction of this Court to entertain my corrected motion" (Dkt. #11 at 2). To the extent Defendant seeks to assert new bases for federal question jurisdiction through this statement,[2] 28 U.S.C. § 1653 does not permit amendment to add new bases for federal question jurisdiction and/or to furnish missing allegations to support a new basis of jurisdiction.

---

[1] Pursuant to Local Rule CV-7(k), Motions for Leave to File must be accompanied by the document sought to be filed. The motion and document must be filed separately. *Id.*

[2] At Hearing, Defendant argued federal question jurisdiction existed, in addition to diversity jurisdiction (Dkt. #10 at 6 n.1). The Magistrate Judge, without addressing whether Defendant's assertion was timely under section 1653, concluded no federal question subject matter jurisdiction existed (Dkt. #10 at 6 n.1).

The instant Motion was filed four months after Defendant's notice of removal—and thus, must comply with 28 U.S.C. § 1653. *Fantroy v. Dall. Area Rapid Transit*, No. 3:13-CV-0345-K, 2013 WL 2284879, at *7 (N.D. Tex. May 23, 2013). Here, Defendant's stated reason for amending is to assert "the federal questions" (Dkt. #11 at 2) (discussed *supra*); Defendant does not state he seeks to correct a technical error regarding the purported diversity jurisdiction. Again, under section 1653, the Court cannot consider new bases for federal question jurisdiction. *See Fantroy*, 2013 WL 2284879, at *7 ("Section 1653 permits amendments to cure technical defects in the jurisdictional allegations; it does not permit an amendment which adds an entirely different jurisdictional basis for the removal."); *Iwag v. Geisel Compania Maritima, S.A.*, 882 F. Supp. 597, 601 (S.D. Tex. 1995) (holding Supplementary Notice of Removal did not fall within the scope of amendments allowed under section 1653 when the original notice of removal asserting federal question jurisdiction referenced the plaintiff's 18 U.S.C. §§ 1961-68 claims and not the plaintiff's 46 U.S.C. §10313 claim, which defendant attempted to raise as separate grounds for federal question jurisdiction in its Supplementary Notice of Removal). And the Court can only consider amendment of defective jurisdictional allegations where there has been no undue delay. *Getty Oil Corp., v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 n.5 (5th Cir. 1988). Defendant's Motion for Leave to File an Amended Notice of Removal was filed in the present case four months after removal, and only after the Magistrate Judge's recommendation at Hearing to grant the Motion to Remand, which is indicative of undue delay. For the foregoing reasons, Defendant's Motion for Leave to File an Amended Notice of Removal (Dkt. #11) must be **DENIED**. Notwithstanding denial of Defendant's Motion for Leave to File an Amended Notice of Removal, the Court has considered all bases for jurisdiction raised by Defendant in his objections (discussed more fully *infra*).

With respect to Defendant's second motion for leave, Defendant seeks leave to exceed the page limitation for objections to a magistrate judge's recommendation, pursuant to Local Rule CV-72(c). Defendant has filed the subject objections (Dkt. #13); and to date Plaintiff has not opposed such request. The Court therefore assumes Plaintiff is unopposed and in light of Defendant's *pro se* status, the Court will allow the additional pages and consider same. Accordingly, Defendant's Motion for Leave to Exceed Page Limitation in Objection to Magistrate Judge's Report and Recommendation (Dkt. #13) is **GRANTED**, and the Court will consider the entirety of Defendant's Objection to Report and Recommendation of United States Magistrate Judge (Dkt. #12).

## ANALYSIS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Defendant has timely and specifically objected that (1) the amount-in-controversy requirement is met because the amount-in-controversy is equal to the purchase price of his homestead; and/or (2) Plaintiff "artfully pleaded" its forcible detainer action "in order to avoid injecting federal questions in the complaint." Defendant articulated each of these arguments in his previous papers and also at Hearing before the Magistrate Judge.

### I. *Removal Jurisdiction*

To reiterate, "Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kan. City S. Ry. Co.*,

358 F.3d 329, 337 (5th Cir. 2004). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005). Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331-1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal*, 408 F.3d at 181.

## II. *Diversity Jurisdiction*

Defendant objects to the Magistrate Judge's finding that diversity jurisdiction does not exist because "the damages in an eviction lawsuit would be the purchase price of [his] homestead" (Dkt. #12 at 28), which amount is sufficient to satisfy the amount-in-controversy requirement. Such assertion is contrary to established precedent. The object of Plaintiff's underlying complaint—for forcible detainer—is possession of the Property, not title. As such, the right to actual possession is the issue to be adjudicated under the complaint. It is well

established in this District that the value of the right of actual possession is the value of occupying the Property, not the value of the Property itself. *Nahlawi v. Burton-Dabney*, No. 4:14CV609, 2015 WL 139764, at *2 (E.D. Tex. Jan. 9, 2015) ("The value of the right to be possessed is the value of occupying the property, not the value of the property itself."); *Bank of N.Y. Mellon v. Ingram*, No. 1:12-CV-483, 2013 WL 2637995, at *4 (E.D. Tex. June 11, 2013) ("Given the limited nature of Texas forcible detainer actions, federal district courts within this state have consistently held that the amount in controversy in such actions 'is not the value of the [p]roperty itself but rather the value of the right to occupy or possess the property.'") (quoting *Bank of Am., N.A. v. Ingram*, 1:12–CV–55, 2012 WL 2524280, at *3 (E.D. Tex. May 14, 2012)). Defendant does not allege the value of occupying the Property. Rather, Defendant's Notice of Removal alleges only the stated sales price of the Property (Dkt. #1 at 6). This is not the correct measure and without presentation of evidence showing the value of the right to occupy the Property, Defendant's Notice of Removal (and other filings) fails to establish the amount in controversy. Defendant offers no evidence as to the value of the right to occupy or possess the Property. Accordingly, Defendant's first objection is overruled. Diversity jurisdiction does not exist.

## III.     *Federal Question Jurisdiction*

Defendant's remaining objections argue Plaintiff's forcible detainer action is an "artfully-pleaded complaint" pleaded as a forcible detainer action simply to avoid the Court's jurisdiction (Dkt. #12 at 27-29). More specifically, Defendant argues Plaintiff "engaged in racketeering [18 USC §1961], disregarding bankruptcy law, [18 USC §156], monetary transactions in property derived from unlawful activity, [19 USC §1957], and conspiracy,

[18 USC §2 and 18 USC §1349]" (Dkt. #12 at 20) and attempts to assert counterclaims to raise each of these issues and to support jurisdiction.

A federal question arises if a substantial, disputed question of federal law is presented on the face of the plaintiff's "well-pleaded complaint." *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008); *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir. 2008), *cert. denied*, 553 U.S. 1080 (2008); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). Generally, under the "well pleaded complaint" rule a case does not arise under federal law and, thus, is not removable if the complaint does not affirmatively allege a federal claim and instead asserts only state law causes of action. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd.*, 463 U.S. at 10). "Allied as an 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Bellfort Enters. Inc. v. PetroTex Fuels Inc.*, 339 F. App'x 416, 418 (5th Cir. 2009) ("The argument is that, even if a federal cause of action did not appear on the face of [Plaintiff's] complaint, [federal law] preempts the state law causes of action brought by [Plaintiff], and federal question jurisdiction therefore exists.")

The face of Plaintiff's Complaint does not allege any claims created by federal law, nor does Plaintiff's right to relief appear to depend on the resolution of any substantial, disputed question of federal law. *See Caterpillar Inc.*, 482 U.S. at 392; *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir.), *cert. denied*, 537 U.S. 1046 (2002). Rather, Plaintiff's complaint asserts a traditional state law claim for forcible detainer. *U.S. Bank, N.A. v. Allain*, No. 1:14-CV-

670, 2015 WL 679233, at *2-3 (E.D. Tex. Feb. 17, 2015); *see Bank of N.Y. Mellon Trust Co., N.A. v. De La Fuente*, No. 3:14–CV–3627, 2014 WL 6901794, at *4 (N.D. Tex. Dec. 8, 2014) (remanding forcible detainer action under similar facts); *Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10–CV–1321–L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (remanding forcible detainer action because the plaintiff's complaint did not raise a federal issue and the state law claim for forcible detainer had not been completely preempted by federal law). Forcible detainer actions do not meet the "well-pleaded complaint" standard. *Fed. Nat'l Mortg. Ass'n*, 2010 WL 4627833, at *3; *see U.S. Bank, N.A.*, 2015 WL 679233, at *2-3. Plaintiff's Complaint alleges a single cause of action—one for forcible detainer (eviction) with the purpose of obtaining physical possession of the Property under state law. Plaintiff's Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. *Fed. Nat'l Mortg. Ass'n*, 2010 WL 4627833, at *3; *see U.S. Bank, N.A.*, 2015 WL 679233, at *2-3; *see also Fannie Mae v. Lee*, No. 3:10–CV–1047–L, 2010 WL 3025533, at *3 (N.D. Tex. July 30, 2010).

In addition, the federal defenses and/or counterclaims Defendant attempts to allege cannot be considered in determining the existence of removal jurisdiction. *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that [defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction."); *see Tex. ex rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813 n.2 (5th Cir. 1998) ("The well-pleaded complaint rule bases removal jurisdiction on the existence of a claim lying within federal jurisdiction on the face of a plaintiff's well-pleaded complaint. There has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in

violation of the well-pleaded complaint rule."); *U.S. Bank, N.A.*, 2015 WL 679233, at *2-3.[3] Though Defendant attempts to argue that Plaintiff "engaged in racketeering [18 USC §1961], disregarding bankruptcy law, [18 USC §156], monetary transactions in property derived from unlawful activity, [19 USC §1957], and conspiracy, [18 USC §2 and 18 USC §1349]" (Dkt. #12 at 20), such counterclaims cannot support federal question jurisdiction. *See Tex. ex rel. Bd. of Regents of Univ. of Tex. Sys.*, 142 F.3d at 813. Defendant cannot circumvent jurisdiction of the state courts by asserting "federal questions" in an answer or counterclaim. *Stump*, 322 F. App'x at 380. Here, Plaintiff's Complaint is a forcible detainer action—which has been expressly held by the Court to be a state law claim that provides no basis for federal question jurisdiction. *Fed. Nat'l Mortg. Ass'n*, 2010 WL 4627833, at *3; *see U.S. Bank, N.A.*, 2015 WL 679233, at *2-3. Accordingly, because Plaintiff's Complaint does not raise a federal issue, nor is Plaintiff's right to relief dependent upon a resolution of federal law, the Court lacks federal question jurisdiction. Defendant's remaining objections are overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #10), having considered each of Defendant's timely filed objections (Dkt. #12), Defendant's Motion for Leave to File an Amended Notice of Removal (Dkt. #11), Defendant's Motion for Leave to Exceed Page Limitation in Objection to Magistrate Judge's Report and Recommendation (Dkt. #13), Plaintiff's Response (Dkt. #15), Defendant's Reply (Dkt. #16), and having conducted a de novo review, this Court finds as follows:

---

[3] To the extent Defendant asserts again that his counterclaims could satisfy the amount-in-controversy requirement for diversity juridiction, district courts in the Fifth Circuit have generally held that a defendant's counterclaim against a plaintiff should not be considered in determining the existence of removal jurisdiction. *Samargandi v. Am. Exp.*, No. 4:09-CV-1577, 2011 WL 221868, at *6 (S.D. Tex. Jan. 20, 2011) ("[T]he 'near unanimous rule' of district courts in this circuit and others is to determine the amount in controversy 'solely by referring to only the plaintiff's original complaint' and not by including the defendant's counterclaim."); *see also Thrash v. New Eng. Mut. Life Ins. Co.*, 534 F. Supp. 2d 691, 695-97 (S.D. Miss. 2008).

It is, therefore, **ORDERED** Defendant's Motion for Leave to File an Amended Notice of Removal (Dkt. #11) is **DENIED** and Defendant's Motion for Leave to Exceed Page Limitation in Objection to Magistrate Judge's Report and Recommendation (Dkt. #13) is **GRANTED**.

It is further **ORDERED** that Plaintiff Federal National Mortgage Association's Motion to Remand (Dkt. #7) is **GRANTED**, and Plaintiff's case is **REMANDED** to the Justice Court of Precinct 3 of Collin County, Texas.

All relief not previously granted is **DENIED**. The Clerk is directed to **CLOSE** this civil action

**IT IS SO ORDERED.**
**SIGNED this 22nd day of November, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE